UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA BAILEY,

       Plaintiff,

                                                  Civil Case No. 17-11929
v.                                            Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/


**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S MARCH 26, 2018 REPORT AND RECOMMENDATION [ECF NO. 21]; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 19]; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 20]</u>**

      Plaintiff filed this lawsuit on June 19, 2017, challenging Defendant's final decision denying her application for benefits under the Social Security Act. On the same date, the matter was referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 19, 20.)

On March 26, 2018, Magistrate Judge Morris issued an R&R in which she recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision holding Plaintiff not disabled under the Social Security Act. (ECF No. 21.) Magistrate Judge Morris finds substantial evidence in the record to support the administrative law judge's conclusion that Plaintiff can perform light work. As Plaintiff previously filed applications for social security benefits, which were denied, the question before the ALJ and Magistrate Judge Morris was whether Plaintiff presented new and material evidence of changed circumstances with respect to her limitations. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Absent such evidence, the ALJ is bound by the prior determination. *Id.*

The ALJ and Magistrate Judge Morris found that Plaintiff failed to present such evidence. (A.R. at 23, 26-27, ECF No. 12-2 at Pg ID 57, 60-61; ECF No. 21 at Pg ID 690.) In reaching her decision, Magistrate Judge Morris found support in the record for the ALJ's determination that the opinion of Plaintiff's treating physician, Dr. Jonathan Abrogast, was not supported by clinical findings, diagnostic test results, the treatment history, or reports from other sources. (ECF No. 21 at Pg ID 691-92.) Further, Dr. Abrogast did not provide specific limitations as to Plaintiff's level of functioning in that he indicated only that she was "unable

2

to stand or sit for long periods of time." (*Id.*; *see also* A.R. at 559, ECF No. 12-11 at Pg ID 602.) Further, Magistrate Judge Morris agreed with the ALJ that the opinions of Drs. Todd Sandrock and Barbara McIntosh did not demonstrate a need for a more restrictive RFC because they said nothing about the severity of the impairments they diagnosed or the limitations caused by those impairments. (ECF No. 21 at Pg ID 693.)

At the conclusion of the R&R, Magistrate Judge Morris advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id*. at Pg ID 694-95.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at Pg ID 694)  Plaintiff filed objections on April 9, 2018.  (ECF No. 22.)  The Commissioner responded to the objections on April 13, 2018.  (ECF No. 23.)

In her objections, Plaintiff argues that Magistrate Judge Morris erred in finding insufficient evidence of Plaintiff's inability to walk or stand for six hours out of an eight-hour workday.  (ECF No. 22.)  Plaintiff points to Dr. Abrogast's opinion that Plaintiff was "unable to stand or sit for long periods of time" and the diagnoses provided by Dr. Sandrock, Kay Southwell (a nurse practitioner), and Dr.

3

McIntosh. (*Id*. at Pg ID 697.) Plaintiff argues "that a certain degree of limitation can be implied from the type of diagnoses rendered." (*Id*. at Pg ID 698.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The party seeking to avoid the application of res judicata bears the burden of proving changed circumstances. *See Drummond*, 126 F.3d at 843. As such, Plaintiff had the burden of presenting new evidence to the ALJ establishing greater restrictions than found when her previous application for disability benefits was denied. The evidence on which Plaintiff relies fails in this regard for the reasons explained by the ALJ and Magistrate Judge Morris.

4

First, Dr. Abrogast's opinion fails to provide specific limitations as to Plaintiff's level of functioning. The doctor's statement that Plaintiff cannot "stand or sit for long periods of time" is too vague to undermine the substantial evidence on which the ALJ relied to find that Plaintiff could stand and walk for six hours and sit for six hours in an eight-hour workday. Further, in her objections, Plaintiff does not address the additional reason why Dr. Abrogast's opinion was discounted—that is, its lack of support from "clinical findings, diagnostic test results, the treatment history, or reports from other sources[.]" *See Steagall v. Comm'r of Soc. Sec.*, 596 F. App'x 377, 380 (6th Cir. 2015).

Drs. Sandrock and McIntosh diagnosed Plaintiff with certain physical disorders; however, neither doctor placed limitations on Plaintiff's functioning as a result of those conditions.[1] (*See* A.R. at 392-93, ECF No. 12-9 at Pg ID 433-44; A.R. at 566-67, ECF NO. 12-11 at Pg ID 609-11.) Plaintiff does not dispute this. Instead, she argues: "a certain degree of limitation can be implied from the type of diagnoses rendered." (Obj. at 3, ECF No. 22 at Pg ID 698.) Plaintiff, however, cites no authority encouraging or allowing courts to speculate on the limitations

---

[1] Plaintiff also refers to Nurse Southwell's "diagnoses"; however, the record Plaintiff relies on for the nurse's opinion in fact comes from Dr. Arbogast. (*See* A.R. at 370, ECF No. 12-9 at Pg ID 411.) The Court does not believe that this constitutes a separate diagnosis from a treating provider.

implied by a diagnosis. To the contrary, the Sixth Circuit has "regularly found substantial evidence to support a finding of no severe impairment" despite evidence of the plaintiff's symptoms and diagnosis of a disorder, where that evidence failed to describe a disabling impairment. *Long v. Apfel*, 1 F. App'x 326, 331-32 (6th Cir. 2001) (citing cases); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (Stating that "[t]he mere diagnosis of arthritis, of course, says nothing about the severity of the condition" and indicating that the Sixth Circuit has "upheld findings of no severe impairment" where the doctors' reports are silent regarding any limitation).

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Morris' R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 19) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 20) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's decision denying Plaintiff's

application for benefits under the Social Security Act is **AFFIRMED**.

                                                      s/ Linda V. Parker
                                                      LINDA V. PARKER
                                                      U.S. DISTRICT JUDGE

Dated: May 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 31, 2018, by electronic and/or U.S. First Class mail.

                                                        s/ R. Loury
                                                      Case Manager